IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LUCINDA A. ZURIK, Plaintiff

vs.

WOODRUFF FAMILY SERVICES; WOODRUFF FUNDING SERVICES, Defendants

Civil Action No. 09-64
Judge Donetta W. Ambrose/
Chief Magistrate Judge Amy Reynolds Hay

REPORT AND RECOMMENDATION

I. Recommendation

It is respectfully recommended that the Defendants' Motion for Partial Dismissal of Amended Complaint pursuant to Fed.R.Civ.P. 12(b)(6) (Doc. 14) be granted in part and denied in part. Dismissal is proper as to any claim for punitive damages under the Pennsylvania Human Relations Act (PHRA) and for any claim for compensatory and punitive damages under the Age Discrimination in Employment Act (ADEA). The Amended Complaint states a claim for punitive damages under Title VII of the Civil Rights Act of 1964, as amended, (Title VII), that is at least facially plausible and, hence, dismissal is not appropriate at this stage.

II. Report

**Background**

In this employment discrimination case, Plaintiff filed an Amended Complaint (Doc. 13) asserting violations of Title VII, the PHRA and the ADEA, charging age and gender discrimination, sexual harassment, " an uncorrected hostile work environment" and retaliation by Defendants. (Doc. 13 at ¶ 4). The final paragraph of the Amended Complaint states as follows:

"Plaintiff prays for all available relief, including but not limited to back pay, front pay, costs, expenses, compensatory damages and punitive damages and attorney and expert fees." (Id. at ¶ 36). Plaintiff does not specify the relief sought on each of her various charges but prays generally for the aforementioned relief. Hence, Defendant filed its Motion for Partial Dismissal of Amended Complaint pursuant to Fed.R.Civ.P. 12(b)(6) and brief in support. (Doc. 14, 15). Plaintiff filed a Response in Opposition. (Doc. 17).

**Standard of Review**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). This tenet - that the court must accept as true all of the allegations contained in the complaint - "is inapplicable to legal conclusions." Id. at 1949. Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555). Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1949 (citing Twombly, 550 U.S. at 556). Factual allegations that only permit the court to infer "the mere possibility of misconduct" do not show that the pleader is entitled to relief as required by Fed. R. Civ. P. 8. Id. at 1950.

**Discussion**

Defendants argue that Plaintiff may not recover punitive damages under the PHRA and the ADEA. Further, Defendants argue that any claim for compensatory damages under the ADEA fails as a matter of law. Finally, Defendants argue that the Amended Complaint fails to

state a claim for punitive damages under Title VII.  Plaintiff does not respond specifically to Defendants' arguments but, rather, concludes that Defendants' motion is "premature, overbroad, and unnecessary ..."  Doc. 17 at ¶ 5.  This court disagrees.

To the extent that the Amended Complaint may be read to seek an award of punitive damages in connection with Plaintiff's claim under the PHRA, it is well settled that punitive damages are **not** available under the PHRA.  Hoy v. Angelone, 554 Pa. 134, 720 A.2d 745, 749 (Pa. 1998).  As the Pennsylvania Supreme Court noted, the PHRA is a remedial statute and, as such, punitive damages are not consistent with the remedial nature of that Act.  Id.  See also Gagliardo v. Connaught Laboratories, Inc., 311 F.3d 565, 570 n.3 (3d Cir. 2002)("[P]unitive damages are not available under the PHRA."); Scalise v. Parkway West Career and Technology Center, No. 2:08-cv-709, 2008 WL 3993890, at *1 (W.D.Pa. Aug. 25, 2008)(granting motion to dismiss punitive damages claim under PHRA).  Hence, dismissal of any claim for punitive damages under the PHRA is properly granted.

Similarly, "Courts of Appeals have unanimously held ... that the ADEA does not permit a separate recovery of compensatory damages for pain and suffering or emotional distress." C.I.R. v. Schleier, 515 U.S. 323, 326 (1995) (collecting cases).  The Court of Appeals for the Third Circuit is among those courts that do not permit such a recovery.  Rogers v. Exxon Research & Engineering Co., 550 F.2d 834, 842 (3d Cir. 1977)(finding that "damages for 'pain and suffering' or emotional distress cannot properly be awarded in ADEA cases"), rev'd on other grounds in Smith v. Joseph Schlitz Brewing Co., 584 F.2d 1231 (3d Cir. 1978).  See also Steward v. Sears Roebuck & Co., 312 F. Supp.2d 719, 730 (E.D. Pa. 2004)(granting motion for summary judgment in favor of defendant on claims under the ADEA for pain, suffering, humiliation and

embarrassment as "neither punitive damages nor damages for pain and suffering are recoverable under the ADEA"). As well, although the Third Circuit has not specifically reached the issue, all other circuits that have, deny punitive damages in ADEA cases. Bruno v. Western Elec. Co., 829 F.2d 957, 966-67 (10th Cir. 1987)(collecting cases). See also Steward v. Sears Roebuck & Co., supra (finding punitive damages are not recoverable in ADEA cases). The Plaintiff does not challenge, and does not cite authority to contravene the Defendants' argument that compensatory damages and punitive damages are not available under the ADEA. Accordingly, to the extent that the Amended Complaint may be read to seek an award of compensatory damages or punitive damages under the ADEA, dismissal of such claims is proper.

As Defendants recognize, punitive damages against a private employer are available under Title VII "if the complaining party demonstrates that the respondent engaged in a discriminatory practice ... with malice or reckless indifference to the federally protected rights of an aggrieved individual." 42 U.S.C. § 1981a(b)(1). Defendants assert that "[t]he facts alleged [in the Amended Complaint] do not show malice or reckless indifference to federally protected rights sufficient to support a claim for punitive damages under Title VII as defined in Kolstad." Doc. 15 at p. 7. In Kolstad v. American Dental Ass'n, 527 U.S. 526 (1999), the Supreme Court recognized that, through Section 1981a(b)(1), Congress established a "higher standard that a plaintiff must satisfy to qualify for a punitive award." Id. at 534. This higher standard requires that "an employer must at least discriminate in the face of a perceived risk that its actions will violate federal law to be liable in punitive damages." Id. at 536.

The Amended Complaint asserts the following facts:

> 12. Plaintiff also suffered sexual harassment and a hostile work

> environment from Erik Fithyan, her supervisor, from January of 2007 to September 8, 2007.
> 13. Specifically, Fithyan continuously subjected Zurik to explicit sexual language and images. He routinely subjected Plaintiff to sexual narratives and images. He routinely subjected Plaintiff to sex toys, sexual underwear, love letters, Valentine gifts, etc. Fithyan subjected Zurik to pictures of men in sexually explicit underwear in catalogs that were delivered to the workplace. Fithyan also intentionally smacked his buttocks and thrust his hips at Zurik to harass her, which it did.
> 14. The harassment was always directed to Zurik even after Zurik made it known to him the acts were completely unwelcome.
> 15. Fithyan continued the harassment of Zurik even after her objections.
> 16. Zurik at all times followed Defendant's sexual harassment policy, but Defendants did not take any remedial action whatsoever, or even hold a single meeting with Zurik.
> 17. Zurik complained to Fithyan, Scott Beinhauer (Director), Aaron Beinhauer (Owner's son with office), etc., and only received retaliation in the form of more harassment, substantially reduced work and ultimately a termination of employment.

Doc. 13.  This court concludes that any claim for punitive damages under Title VII here "has facial plausibility" since Plaintiff avers that she was subjected to apparently violative conduct by her supervisor and that after Plaintiff complied with Defendants' sexual harassment policy and made management aware of such conduct, the Defendants nevertheless chose not to investigate or remedy it.  From those facts, the court may draw the reasonable inference that Defendants acted with reckless indifference to Plaintiff's protected rights to be free from sexual harassment, retaliation, etc.  Iqbal, 129 S.Ct. at 1949.[1]  Accordingly, Defendants' motion to dismiss any claim for punitive damages under Title VII is properly denied.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Local Rule

---

[1] Whether Plaintiff can make a showing sufficient to succeed on her claim for punitive damages under Title VII is a different question and one that is not now before the court.

72.D.2, objections to this Report and Recommendation are due on November 5, 2009 and responses thereto are due on November 20, 2009.  Failure to timely file objections may constitute waiver of any appellate rights.

                                                                            Respectfully submitted,

                                                                            /s/ *Amy Reynolds Hay*
                                                                            Chief United States Magistrate Judge

Dated: 22 October, 2009

cc:       Hon. Donetta W. Ambrose
            United States District Judge

            Counsel of Record via CM-ECF